IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **THE MEIBURGER LAW FIRM, P.C.,** ) <br> 1487 Chain Bridge Road, Suite 200 ) <br> McLean, Virginia 22101 ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> **UNITED STATES OF AMERICA** ) <br> ) <br> *Defendant*. ) <br> ) | Case No. <br> Filed Electronically <br><br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR REFUND**

The Meiburger Law Firm, P.C., ("Plaintiff"), by and through its counsel, Janet M. Meiburger, and pursuant to 26 U.S.C. ("I.R.C.") § 7422, hereby submits this Complaint for Refund against the United States of America ("Defendant"), seeking a refund of an employee retention credit, interest pursuant to I.R.C. § 6611, and reasonable costs and attorneys' fees pursuant to I.R.C. § 7430, and in support thereof states as follows:

**I. INTRODUCTION**

1. On or about March 27, 2020, in response to the COVID-19 pandemic, congress passed the Coronavirus Aid Relief and Economic Security Act ("the CARES Act").

2. The CARES Act created an employee retention credit ("E.R.C.") on eligible wages paid between March 12, 2020, and December 31, 2020. The credit provided 50 percent of up to $10,000 of qualified wages.

3. The credit was available if the business had an initial 50 percent or more reduction in gross receipts against the same quarter from 2019 and had a 20 percent or more

reduction in subsequent quarters, or the business's operations were fully or partially suspended due to a government order.

4. Claiming an E.R.C. is effectuated through the filing of Forms 941-X (Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund).

5. On or about December 27, 2020, Congress passed the Consolidated Appropriations Act ("C.A.A.").

6. The C.A.A. extended eligibility for E.R.C. through June 30, 2021.

7. On or about March 11, 2021, Congress passed the American Rescue Plan Act ("A.R.P.A.").

8. The A.R.P.A. extended the E.R.C. through December 31, 2021.

## II. LEGAL AND FACTUAL BACKGROUND

9. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

10. At all relevant times, Plaintiff was a for profit corporation with its principal place of business in McLean, Virginia. Plaintiff is in the business of providing legal services.

11. Plaintiff continued to provide legal services throughout the COVID-19 pandemic during 2019 through 2021.

12. Plaintiff employed on average 5 or fewer full-time employees during 2019 through 2021.

13. Plaintiff paid qualified wages to its employees from 2020 through 2021.

14. Plaintiff's gross receipts for the employment tax quarter ending September 30, 2021, were less than 50% of the gross receipts for the same employment tax quarter in 2019.

15. Accordingly, on or about January 16, 2023, Plaintiff submitted an E.R.C. claim of $14,000.00 as it relates to the employment tax quarter ending September 30, 2021.

16. Plaintiff maintained adequate and accurate documentation to support the determination of gross receipts for the employment quarter provided above.

17. Plaintiff is therefore an eligible employer under all applicable statutory provisions including the Internal Revenue Code and the Cares Act, as amended by A.R.P.A.

18. The Defendant denied the Plaintiff's claim by letter dated November 26, 2024.

19. Plaintiff received this letter on January 22, 2025.

20. The denial letter states that Plaintiff had 30 days from the date of the denial letter to appeal the denial through the IRS appeals process. Because Plaintiff did not receive the denial letter until more than 30 days after the date on the letter, it cannot appeal the denial through the IRS appeals process.

21. The Defendant did not have sufficient information to determine if the Plaintiff met the reduced gross receipts requirement for the third quarter of 2021. The Defendant did not request additional information from the Plaintiff.

22. Pursuant to the foregoing, the Service has failed to fulfill its duty by holding the funds related to Plaintiff's E.R.C. claim without justification.

### III. **JURISDICTION AND VENUE**

23. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

24. This Court has jurisdiction by reason of 28 U.S.C. §§ 1331 (civil action arising under the Constitution, laws, or treaties of the United States); 1340 (civil action arising under Act of Congress providing for internal revenue); 1346(a)(1) (civil action against United States for recovery of tax or other sum wrongfully collected under internal revenue laws); and I.R.C. § 7422 (civil action for refund).

25. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1391 and 1402(a) as Plaintiff is a for-profit corporation with its principal place of business at 1487 Chain Bridge Road, Suite 200, McLean, Virginia 22101.

26. The Defendant is the United States of America.

27. This is a civil action arising under the internal revenue laws of the United States for the refund of federal income taxes and related interest due to Plaintiff.

28. Specifically, as stated more fully *supra*, Plaintiff complied with the requirements of I.R.C. §§ 7422 and 6532 by timely filing a claim for refund via Form 941-X (Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund) for the period at issue.

29. Plaintiff filed its claims within the two years of payment as specified in I.R.C. §§ 6511 and 6532.

30. More than six months have elapsed since Plaintiff timely filed its claims.

31. Therefore, Plaintiff satisfied the requirements of I.R.C. §§ 6532 and 7422 and venue as well as jurisdiction with this Court are proper.

## IV. COUNT ONE – CLAIM FOR REFUND

32. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

33. Plaintiff is entitled to its E.R.C. claim for the employment tax quarter ending September 30, 2021, that was filed on or about January 16, 2023, and remain unpaid by the Service.

34. Before January 16, 2023, Plaintiff paid all amounts due for the employment tax quarter ending September 30, 2021.

35. On or about January 16, 2023, Plaintiff filed Form 941-X for the employment tax quarter ending September 30, 2021, to claim refunds related to the E.R.C. to which Plaintiff was lawfully entitled in the amount of fourteen thousand and 00/100 dollars ($14,000.00).

36. Plaintiff filed its claim for refund within three years of filing the return as specified in I.R.C. § 6511.

37. Plaintiff's suit under I.R.C. § 7422(a) is filed in accordance with I.R.C. § 6532(a)(1); i.e., more than six months have elapsed since the filing of Plaintiff's Form 941-X claim for refund with the I.R.S.

38. Accordingly, Plaintiff is due a refund of its E.R.C. for federal employment tax for the quarter ending September 30, 2021, is the sole owner of the claim for refund, and has made no assignment of its claim.

## V.  COUNT TWO – CLAIM FOR INTEREST

39. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

40. Pursuant to I.R.C. § 6611, interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax at the overpayment rate established under section 6621. Moreover, pursuant to I.R.C. § 6611(b), such interest shall be allowed and paid, in the case of a refund, from the date of the overpayment to a date (to be determined by the Secretary) preceding the date of the refund check by not more than 30 days, whether or not such refund check is accepted by the taxpayer after tender of such check to the taxpayer. The acceptance of such check shall be without prejudice to any right of the taxpayer to claim any additional overpayment and interest thereon.

41. On or about January 16, 2023, Plaintiff filed its E.R.C. claim for the employment tax quarter ending September 30, 2021.

42. As of the date of this filing, Plaintiff has not received its E.R.C. refund for the employment tax quarter ending September 30, 2021.

43. Accordingly, Plaintiff is statutorily due interest for its E.R.C. claim for the employment tax quarter ending September 30, 2021, until the date payment is made.

## VI.  COUNT THREE – CLAIM FOR ATTORNEYS' FEES

44. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

45. Pursuant to I.R.C. § 7430, in any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and reasonable litigation costs incurred in connection with such court proceeding.

46. Accordingly, Plaintiff requests an award of costs and attorneys' fees as incurred as a result of the litigation-based representation required to obtain the refund to which it is entitled.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this court:

(A) Enter judgment for Plaintiff in the amount of fourteen thousand and 00/100 dollars ($14,000.00),

(B) Enter judgment for Plaintiff for interest that is unpaid by the United States.

(C) Enter judgment for Plaintiff for reasonable attorneys' fees including but not limited to litigation and administrative costs.

(D) Such other relief to which Plaintiff is entitled to at law or in equity.

(E)      Plaintiff requests a jury trial for all issues triable by a jury pursuant to Federal Rule of Civil Procedure 38(b).

Dated: February 13, 2025      By: /s/ Janet M. Meiburger
Janet M. Meiburger, Esq. (VSB No. 31842)
The Meiburger Law Firm, P.C.
1487 Chain Bridge Road, Suite 200
McLean, Virginia 22101
(703) 556-7871

*Counsel for Plaintiff*
*The Meiburger Law Firm, P.C.*

J:\Firm\TMLF ERTC Lawsuit\IRS Complaint for Refund.docx